**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00354-CV**
_____

**MINNIE SENEGAL D/B/A ELTON'S CONSTRUCTION, Appellant**

**V.**

**FIVEPOINT CREDIT UNION, Appellee**

_____

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCV0957**
_____

**MEMORANDUM OPINION**

FivePoint Credit Union ("FivePoint") sued Minnie Senegal, d/b/a Elton's Construction ("Senegal") seeking a declaration that the non-judicial foreclosure of FivePoint's lien on the property subject of this suit extinguished Senegal's subordinated lien and other relief. FivePoint subsequently filed its traditional motion for summary judgment. The trial court granted FivePoint's motion for summary judgment. Senegal complains that the trial court erred in granting the motion and in

1

failing to file findings of fact and conclusions of law. We affirm the trial court's judgment.

## Background

On or about December 18, 2020, Akila Ardoin and Hector Ardoin, Jr. (the "Ardoins") and Senegal's agent, Elton Senegal, executed a residential construction contract and lien, wherein they agreed Senegal would construct a home on the Ardoins' property in Beaumont. The transaction between the Ardoins and Senegal was further evidenced by a residential construction note dated December 18, 2020, in the original principial amount of $225,000.00 payable to Senegal by the Ardoins.

FivePoint agreed to provide the financing to the Ardoins to construct their home, and Senegal assigned the residential construction note and the lien created by the contract to FivePoint as evidenced by the endorsement on the residential construction note and the assignment of lien attached to the contract. Specifically, the assignment states:

### ASSIGNMENT OF LIEN

Contractor hereby assigns its rights the lien above created, to FivePoint Credit Union ("Assignee"). Contractor reserves the right to claim a lien for any amounts he is due and not paid, but agrees said lien shall be subordinate to this lien assigned to Assignee. This Assignment is made without recourse, representation or warranty.

Additionally, on December 18, 2020, the Ardoins executed a note payable to FivePoint to evidence the construction loan. The note was additionally secured by a

2

deed of trust executed by the Ardoins on December 18, 2020, to Ken N. Whitlow, trustee, for the benefit of FivePoint.

Senegal did not complete the Ardoins' home in accordance with the contract. Senegal claims that she was unable to do so, in part, because of the increased cost of labor and materials that occurred after the contract was entered. The Ardoins also have claimed that Senegal used funds advanced by FivePoint to complete their home on other projects.

At the time the Ardoins ceased to approve additional advances under the note, approximately eighty percent of the loan proceeds had been advanced and the home was only forty-eight percent complete. When construction stopped, there was only $43,521.91 left to be advanced on the loan, including the 10% retainage held back. Even though Senegal was behind on the progress of the home when the advances were halted, her agent filed an affidavit on November 4, 2021, claiming a mechanic's and materialman's lien against the property in the amount of $136,348.11. The amount claimed, plus the prior advances, exceeded the total amount to be paid to complete the home under the contract.

The Ardoins defaulted under the note and deed of trust by failing to make payments as agreed and failing to timely complete the construction on their home. FivePoint gave the Ardoins notice of such default and the opportunity to cure. The payoff of the note as of December 6, 2022, was $186,666.26 plus attorney's fees.

3

The Ardoins failed to cure the default and FivePoint proceeded to foreclose on the property. FivePoint was the successful bidder at the foreclosure sale on March 7, 2023, with a credit bid of $120,000.00. After crediting the bid amount to the note, a deficiency balance in excess of $70,000.00 remained.

After FivePoint became the owner of the property, it began trying to market it. A buyer was found, but just before the sale was scheduled to close, Senegal's attorney contacted the title company and asserted that the foreclosure did not extinguish the alleged claim for a mechanic's and materialman's lien. The title company refused to close on the proposed sale based upon Senegal's claims.

FivePoint filed its Original Petition and Request for Declaratory Judgment against Senegal. FivePoint sued Senegal for negligence, breach of contract, tortious interference with contract, and fraud. FivePoint also sought a declaratory judgment declaring that its lien on the property was superior to the claims of Senegal; that the foreclosure on the property extinguished Senegal's alleged lien claim; that Senegal was not entitled to receive any funds as a result of the foreclosure sale; and that Senegal is not entitled to any proceeds from any future sale of the property by FivePoint.

Senegal filed a general denial. FivePoint filed a traditional motion for summary judgment, seeking summary judgment declaring that its lien on the property was superior to the claims of Senegal. To support its motion, FivePoint

4

attached the following as summary judgment evidence: (1) residential construction contract and lien, (2) residential construction note, (3) note payable to FivePoint to evidence the construction loan, (4) deed of trust, (5) affidavit claiming mechanic's and materialman's lien, (6) appointment of substitute trustee, (7) amended notice of foreclosure sale, (8) substitute trustee's deed, (9) assumed name certificate, (10) affidavit of Toni Brown, and (11) affidavit of Marc P. Henry.

The trial court granted summary judgment against Senegal. The trial court ordered, adjudged, and decreed that FivePoint's lien on the property was superior to the claims of Senegal and that the March 7, 2023 foreclosure on the property extinguished Senegal's alleged lien claim. It further ordered, adjudged, and decreed that Senegal was not entitled to receive any funds as a result of the foreclosure sale, and that Senegal is not entitled to any proceeds from any future sale of the property by FivePoint.

Senegal filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. Senegal filed a motion for new trial which was overruled by operation of law. Senegal then filed this appeal.

### Standard of Review

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). A party moving for a traditional summary judgment must establish that there is no genuine issue of a material fact and that the

5

movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c).[1] In our review, we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "Evidence is conclusive only if reasonable people could not differ in their conclusions[.]" *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Analysis

In her first issue, Senegal complains that the trial court abused its discretion when it granted FivePoint's motion for summary judgment because there was a fact issue as to the priority of Senegal's mechanic and materialman's lien on the property.

A mechanic's or materialman's lien is a statutory lien that attaches to real property to secure persons who have labored or provided material, fixtures, or tools to repair the improvements on that property. *Moore v. Brenham Ready Mix., Inc.*, 463 S.W.3d 109, 118 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see generally* Tex. Prop. Code Ann. § 53.001-.287. A properly perfected mechanic's and materialman's lien generally has preference over other prior liens, encumbrances, or mortgages upon the property. *See* Tex. Prop. Code Ann. § 53.123(a). Here, however, the assignment of lien signed by Senegal's agent expressly provides that Senegal

---

[1]Rule 166a was recently amended. All references are to the version of the rule in effect at the time the motion was filed.

6

assigned the rights created by her lien to FivePoint, and although she reserved to herself "the right to claim a lien for any amounts [s]he is due and not paid," she "agree[d] said lien shall be subordinate to this lien assigned to [FivePoint]." Therefore, the FivePoint lien upon which the foreclosure proceedings were instituted was superior to any lien claimed by Senegal.

Under Texas law, if after a valid foreclosure of a senior lien, a junior lien is not satisfied from the proceeds of a sale, then the junior lien is extinguished. *See, e.g., Diversified Mortg. Invs. v. Lloyd D. Blaylock Gen. Contractor, Inc.*, 576 S.W.2d 794, 808 (Tex. 1978); *Kothari v. Oyervidez*, 373 S.W.3d 801, 807 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 585 (Tex. App.—Dallas 2008, no pet.); *Mays v. Bank One, N.A.*, 150 S.W.3d 897, 900 (Tex. App.—Dallas 2004, no pet.). The proceeds from the foreclosure sale were $120,000.00, which did not satisfy the full amount of the debt. Therefore, Senegal's lien was extinguished and the trial court properly granted summary judgment in favor of FivePoint. Senegal's first issue is overruled.

In her second issue, Senegal complains that the trial court abused its discretion by not filing findings of fact and conclusions of law, even though they were timely filed by Senegal in accordance with Texas Rule of Civil Procedure 296. A trial court should not make findings of fact in connection with a summary judgment. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Eland Energy,*

7

*Inc. v. Rowden Oil & Gas, Inc.*, 914 S.W.2d 179, 188 n.7 (Tex. App.—San Antonio 1995, writ denied); *Reynolds v. Reynolds*, No. 14-14-00624-CV, 2015 Tex. App. LEXIS 12009, at *15 (Tex. App.—Houston [14th Dist.] Nov. 24, 2015, no pet.) (mem. op.) (citing *Coastal Transp. Co. v. Crown, Cent. Petroleum Corp.*, 20 S.W.3d 119, 125 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). Findings of fact have no place in a summary judgment proceeding because, for summary judgment to be rendered, there cannot be a genuine issue as to any material fact, and the legal grounds are limited to those stated in the motion and response. *See* Tex. R. Civ. P. 166a(c); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *Stiles v. Resol. Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied) ("If summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response."). We overrule Senegal's second issue.

Conclusion

Having overruled Senegal's issues, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 18, 2026
Opinion Delivered July 30, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.